Daniel, J.
 

 We think the law is as contended for by the defendants, and that it is a complete answer to the demand of the plaintiffs.
 
 Dunwooddie’s Ex’rs. v. Carrington, 2
 
 Car. L. R. 469.
 
 Alston v. Foster,
 
 1 Dev. Eq. 337.
 
 Burnett
 
 v.
 
 Roberts,
 
 4 Dev. 87.
 
 Etheridge
 
 v.
 
 Bell,
 
 5 Ired; 87. But this rule would not hold, when after the death of the first taker, the executor has by the will a trust to perform, .arising out of the property, which must therefore be subject to his control, and of course he must have the legal title;
 
 Ibid.
 
 S. P.
 
 Allen's Ex’rs.
 
 v.
 
 Watson,
 
 1 Mur. 189. By the will of James McCombs, his éxecutors were not placed as special trustees of the increase of Hannah, for the benefit of the after born children of the daughter, Jane Kerr. It is to be regretted, tha't some person had not acted as next friend tb Kerr’s children.
 

 But we must say, that the plaintiffs have no equity to make .the defendant's account for the-said negroes, which were vest
 
 *556
 
 ed in the plaintiffs without any further act by the executors. ■ And the bill must be dismissed with costs.
 

 Per Curiam, Bill dismissed with epsts,